UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Cr. No. 15-10338-FDS |
| v. | ) |
| | ) |
| 1. OSCAR NOE RECINOS-GARCIA, | ) |
|     A/K/A "PSYCHO," ET AL. | ) |
|       Defendants. | ) |

SECOND AMENDED PROTECTIVE ORDER

In connection with the above-entitled case, the United States, by its attorneys, has moved for a protective order regarding the production of the discovery in this case. The protective order is hereby Allowed under the following terms.

Subparts (a), (b), and (c) of this Second Amended Protective Order shall henceforth be referred to as Protective Order Part I. Subparts (d), (e), and (f) of this Second Amended Protective Order shall be referred to as Protective Order Part II. All Discovery Materials produced in this case will be produced under the terms of Protective Order Part I. Some Discovery Materials will also be produced under the terms of Protective Order Part II, while some Discovery Materials will be produced under Protective Order Part I but outside the terms of Protective Order Part II.

a. All members of the Defense Team are bound by the terms of this Second Amended Protective Order.[1]

b. The Defense Team shall maintain the Discovery Materials in accordance with this Order and they shall be used by the Defense Team solely and exclusively in connection with the litigation and trial of this case.

---

[1] For the purposes of this Order, the term "Defense Team" shall include attorneys of record, support staff, investigators and other individuals retained to participate in the defense. The Defense Team excludes anyone affiliated with a defendant in another unrelated case under an explicit or implicit joint defense agreement, unless authorized to do so by further order. This Order governs all discovery produced in this case, retroactively, and from the date of this Order forward.

c.  The Discovery Materials shall be accessed, reviewed and/or copied only by members of the Defense Team. Counsel for the respective defendants shall maintain a copy of this Order in their files.

d.  The Defense Team shall not provide or distribute any copies of any Protective Order Part II Discovery Materials to defendants. The defendants in this case are permitted to review Protective Order Part II Discovery Materials in the presence of a Defense Team member, subject to the terms of this Order.

e.  Defendants are not individually and/or personally permitted to maintain Protective Order Part II Discovery Materials (or copies of) at this time, except as provided in Paragraph F.

f.  The government will provide to the various institutions in which the defendants are being detained discovery materials on a hard drive, thumb drive, or compact disc, as required by Local Rule 116(c)(1)(C) and (D) (i.e., audio/video and audio recordings), for review on an institution computer. In addition, the government will provide the various institutions in which the defendants are being detained copies in "pdf" or other form, and on a hard drive, thumb drive, or compact disc, all documentary and other forms of Protective Order Part II Discovery Materials provided to the Defense Team for review on an institution computer. Defendants are not permitted to print, disseminate, copy, or maintain the Protective Order Part II Discovery Materials provided to the various institutions. Defendants who are detained in the various institutions may, however, individually review the Protective Order Part II Discovery Materials on an institution computer, outside the presence of any Defense Team member, subject to the rules and regulations of the various institutions.

g.  Protective Order Part II Discovery Materials are generally defined as follows:

--  documents reflecting interviews or debriefings of witnesses or cooperating witnesses;

      --     audio/video or audio recordings reflecting interviews or debriefings of witnesses or cooperating witnesses;

      --     transcripts of state grand jury testimony of non-law enforcement, fact witnesses; and

      --     when produced, federal grand jury materials.

h. Photographic Discovery Materials will be produced outside the terms of Protective Order Part II.

i. With the exception of interviews of witnesses or cooperating witnesses, all audio/video recordings and audio recordings will be produced outside the terms of Protective Order Part II.

j. Documents that do not involve interviews or debriefings of witnesses or cooperating witnesses will be produced outside of Protective Order Part II. This includes the reports of so-called "controlled buys" by CW-1 (i.e., they will be produced outside of Protective Order Part II), provided they do not also include significant debriefing of CW-1 on matters beyond the controlled buy.

k. All state grand jury materials, with the exception of the transcripts of the testimony of non-law enforcement, fact witnesses, will be provided outside the terms of Protective Order Part II.

l. If, in the course of preparing discovery, the government maintains that any specific item in this group should nevertheless by produced under the terms of Protective Order Part II, the government will produce the item under Protective Order Part II, and provide defense counsel with the opportunity to object.

m. All Discovery Materials produced in this case will be produced under the terms of Protective Order Part I.

n. Attorney Michael Tumposky will serve as the discovery coordinator for Spanish translations of protected documents to the defendants. Attorney Tumposky will provide rolling discovery to the institutions of Spanish translations of protected documents for review by the

      defendants on computer.  Attorney Tumposky will have these documents watermarked with the docket number of this case, and include on the documents the original Bates numbering by the government, which will also indicate, in some fashion, that they were produced under Protective Order Parts I & II.

o.    Attorney Tumposky will provide the Spanish translations of protected documents to the institutions either on a hard drive, thumb drive or disc, depending on size, along with a copy of this Order, which hereby requires the respective institutions to download the materials to a computer or laptop, with no printing, emailing, or other communicative capacity, and then return said storage facilities to Attorney Tumposky.

p.    If the Spanish translations of protected documents are also requested by a particular defense counsel, Attorney Tumposky will provide the Spanish translations to defense counsel with a watermark consisting of the name of the associated defendant, along with the original Bates numbering which will also indicate that the document was produced under Protective Order Parts I & II.

q.    If Spanish translations of unprotected documents (i.e., Protective Order Part I Discovery Materials) are requested by a particular defense counsel, Attorney Tumposky will provide the Spanish translations to defense counsel with a watermark consisting of the name of the associated defendant, along with the original Bates numbering which will also indicate that the document was produced under Protective Order Part I.

r.    Any thumb drive or other storage device used for transmitting information to the respective institutions shall have the appropriate software imbedded to enable the receiving computer or laptop to play the audio/video or audio files also produced as part of discovery.

s.    Absent further Order of the Court, the terms and limitations of this Order will continue to be in effect and binding following the termination of the case.

So Ordered,

/s/ M. Page Kelley
THE HONORABLE M. PAGE KELLEY
United States Magistrate Judge

Dated:   4/11/2016

