UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 15-10338-FDS |
| | ) | |
| 6.   HERZZON SANDOVAL  a/k/a "CASPER," | ) ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION
TO EXCLUDE DECEMBER 17, 2015 TRANSCRIPT EXCERPT**

The United States opposes the *Motion to Exclude December 17, 2015 Transcript Excerpt* filed by defendant Herzzon Sandoval, a/k/a "Casper." D.1971. Sandoval claims that he has been unfairly surprised by and will suffer extraordinary prejudice from the introduction of the December 17, 2015 transcript excerpt because the government did not provide notice of its intent to offer this particular piece of evidence prior to trial. Specifically, Sandoval complains that the introduction of this evidence would be unfair because "counsel's defense strategy, and opening statement, did not take the December 17 transcript excerpt the government proposes to offer into account." D.1971 at p.4. What Sandoval overlooks, however, is that the December 17 transcript is offered not to further the government's case-in-chief, but to rebut his defense, articulated in his opening statement and executed thus far through cross-examination of the government's witnesses. In other words, it is Sandoval, not the government, who has made the December 17 transcript relevant to the case, and he cannot now complain that the introduction of evidence probative of his knowledge and intent in participating in and conducting the affairs of the MS-13 racketeering enterprise is unfair.

The thrust of Sandoval's defense, as far as the government is aware from what has transpired at trial, is that he is not guilty of conspiring to participate in and conduct the affairs of the MS-13 racketeering enterprise because his resistance to the mandates of MS-13 leadership in El Salvador caused him to quit the East Coast Program. But Sandoval and the other defendants on trial are charged with participating in and conducting the affairs of the MS-13 racketeering enterprise, not the East Coast Program racketeering enterprise; thus, membership in a particular MS-13 program—be it the East Coast Program or the Hollywood Program—is not germane to the ultimate issue of guilt in this case. However, evidence that Sandoval intended to join a different MS-13 program—the Hollywood Program—after becoming dissatisfied with the East Coast Program, directly rebuts any claim that Sandoval did not know and intend to actively further the goals of the MS-13 racketeering conspiracy. In particular, the December 17, 2015 transcript excerpt shows that Sandoval in fact wanted to maintain the Eastside clique's standing and status within MS-13, and decided the best way to do that was by joining a different program. The government is entitled to present such rebuttal evidence, *United States v. Laboy,* 909 F.2d 581, 588 (1st Cir. 1990) ("Rebuttal evidence may be introduced to explain, repel, contradict or disprove an adversary's proof."), and doing so in its case-in-chief through witnesses qualified to authenticate the transcript, rather than recalling those witnesses later in the case, furthers the goals of efficient trial presentation and management. *See United States v. Wood*, 982 F.2d 1, 4 (1st Cir. 1992) ("The conduct of a trial, including decisions whether to permit the introduction of rebuttal evidence, resides with the sound discretion of the trial judge.").

Finally, it should be noted that the government produced the entire recording of December 17, 2015 Eastside clique meeting to defense counsel on March 24, 2017; and

produced the report of CW-1's debrief concerning that meeting on April 27, 2016. Accordingly, this is not a case involving belated disclosure of material evidence. Rather, it is a case where evidence made relevant by the defense during the course of trial is offered to "explain, repel, contradict or disprove an adversary's proof." *Laboy*, 909 F.2d at 588. The Court should find the December 17, 2015 transcript excerpt admissible, subject to authentication, and deny Sandoval's motion to exclude.

                              Respectfully submitted,

                              ANDREW E. LELLING
                              United States Attorney

By:    */s/ Kelly Begg Lawrence*
        KELLY BEGG LAWRENCE
        CHRISTOPHER POHL
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on February 15, 2018, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By:    */s/ Kelly Begg Lawrence*
        KELLY BEGG LAWRENCE
        Assistant United States Attorney