UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | **Criminal No.** |
| v. | ) ) | **15-10338-6-FDS** |
| **HERZZON SANDOVAL,** | ) ) ) |  |
| Defendant. | ) ) |  |

## ORDER TO UNSEAL SENTENCING EXHIBITS

**SAYLOR, J.**

This order concerns Exhibit 2 and 4 to defendant's sentencing memorandum, Docket No. 2758, which were submitted by defendant under seal.

Exhibit 2, which consists of medical records, will be unsealed subject to the redaction of name, address, social security number, and any other personal identifying information.

Exhibit 4, which consists of a partial grand jury transcript, will also be unsealed. The records and proceedings of federal courts are presumed to be public. *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). The presumption arises from two sources: "a common-law right of access to 'judicial documents,' and a First Amendment right of access to certain criminal proceedings and materials submitted therein." *Id.* The common-law right of access extends to documents that are "judicial records," which include "materials on which a court relies in determining the litigants' substantive rights." *Id.* at 54, quoting *In re Providence Journal*, 293 F.3d 1, 9-10 (1st Cir. 2002). Thus, "advocacy memoranda"—that is, memoranda submitted to the court that are intended to influence the judge's decision—fall within the presumption of public access. *Kravetz*, 706 F.3d at 56. Materials that are attached to such memoranda, which a

party seeks to have the court consider in rendering its decision, are also presumptively public. *Id.* at 57-58.  That is true whether the court actually relies on them or not.  *Id.* at 58; *see United States v. Swartz*, 945 F. Supp. 2d 216, 220 (D. Mass. 2013).

The memorandum and exhibits here were submitted by defendant with the intent of influencing the Court's decision on sentencing.  Exhibit 4, which was attached to the memorandum, thus falls within the presumption of public access.  Although it is a transcript of a grand jury proceeding, it was produced to defendant, presumably pursuant to the Jencks Act, 18 U.S.C. § 3500.  Because no compelling interest overcomes the presumption here, Exhibit 4 will be unsealed.

**So Ordered.**

Dated:  October 15, 2018

/s/  F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge