UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES of AMERICA )<br>)<br>v.     )<br>)<br>HERZZON SANDOVAL,     )<br>)<br>Defendant.     ) | Criminal No.<br>15-10338-FDS-6 |

### ORDER ON DEFENDANT'S LETTER SEEKING AN EXTENSION OF TIME TO FILE § 2255 MOTION

**SAYLOR, C.J.**

Herzzon Sandoval seeks an extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In February 2018, Sandoval was convicted of one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), following a jury trial. He was sentenced to a 240-month term of imprisonment followed by a three-year term of supervised release. Through counsel, he filed a timely appeal. The First Circuit affirmed his conviction and sentence, and the Supreme Court denied his petition for a writ of certiorari on January 10, 2022.

On December 30, 2022, the Clerk received and filed a letter from Sandoval that contained a memorandum from the U.S. Department of Justice. (*See* ECF 3304).[1] The memorandum, which is addressed to Sandoval and dated December 22, 2022, states:

> Due to significant inmate movement, USP Lewisburg is experiencing delays in receiving inmate property from other institutions, and securing, inspecting and issuing it to incoming inmates. As of today's date, you have not yet received your property. If this delay is causing you difficulties in meeting a legal deadline, you may use this response to send to the court in which you have issues pending to confirm you have not received your property and request an extension.

---

[1] The envelope was stamped in Harrisburg, Pennsylvania, on December 27, 2022.

(*Id.*).  Sandoval has not yet filed a § 2255 motion.[2]

While the First Circuit has held that "section 2255(f)'s limitations period . . . is non-jurisdictional," *Ramos-Martinez v. United States*, 638 F.3d 315, 321 (1st Cir. 2011), it has not reached the issue of whether a court can rule on a motion for an extension of time to file a § 2255 petition when no such petition is pending.  All of the circuits but one to consider the issue, however, have concluded that a court lacks jurisdiction to do so:

> In *Green v. United States*, 260 F.3d 78 (2d Cir. 2001), the court held that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if . . . the moving party requests the extension upon or after filing an actual section 2255 [petition]."  260 F.3d 79, 82 (2d Cir. 2001).  Relying on *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000) (per curiam), the court reasoned that before the filing of the § 2255 petition there was no case or controversy before the court, so any opinion would be merely advisory.  *Green*, 260 F.3d at 82.  All but one of the other circuits to consider this issue have followed *Green*'s lead.  *United States v. Moore*, 56 Fed. Appx. 686, 687 (6th Cir. 2003) (per curiam); *United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (per curiam); *United States v. McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. 2005) (per curiam); *Swichkow v. United States*, 565 Fed. Appx. 840, 844 (11th Cir. 2014) (per curiam); *United States v. Glover*, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006) (per curiam).  *But see United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013) ("[U]nder § 2255, a motion for an extension of time can be decided prior to a formal request for relief because the underlying prosecution satisfies Article III's case or controversy requirement.").

*Csanadi v. United States*, 2022 WL 4120778, at *2 (D. Conn. Sept. 9, 2022) (footnote omitted); *cf. Drewry v. Maine*, 2014 WL 4987938, at *1 (D. Me. Oct. 7, 2014) ("[A]bsent the filing of a habeas petition, or the inclusion of grounds for substantive habeas relief in the motion to enlarge the time to file the petition, the Court is without jurisdiction to grant the moving party an enlargement of time to file a section 2254 petition.").

Under the circumstances, the Court will follow the majority rule, and deny the request without prejudice.  "If or when [Sandoval] actually files a § 2255 petition, . . . this court may

---

[2] Sandoval had previously filed a motion for equitable tolling on August 15, 2022, on the grounds that he is "placed in a restriction housing unit by the prison administration . . . in violation of the Eighth Amendment and the First Amendment."  (*See* ECF 3279).

consider his argument that such a petition should be considered timely. Until then, [it lacks] jurisdiction to consider the matter." *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam). The Court expresses no view at this stage as to whether equitable tolling should apply, and if so to what extent.[3]

**So Ordered.**

Dated: January 27, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[3] The Court notes that "[a] habeas petitioner bears the burden of establishing the basis for equitable tolling," and must show not only "that some extraordinary circumstance stood in his way and prevented timely filing," but also "that he has been pursuing his rights diligently." *Ramos-Martinez*, 638 F.3d at 323 (internal quotation marks omitted).